R.N., Petitioner-Appellant,
v.
B.F., Respondent-Appellee.
No. 28241.
Intermediate Court of Appeals of Hawaii.
June 6, 2008.
On the briefs:
Scot S. Brower, for petitioner-appellant.
Ann S. Isobe, (Devens, Nakano, Saito, Lee, Wong & Ching), for respondent-appellee.

SUMMARYDISPOSITION ORDER
RECKTENWALD, C.J., WATANABE, and FUJISE, JJ.
Petitioner-Appellant R.N. (Mother) appeals from the judgment entered by the Family Court of the First Circuit (the family court)[1] on October 2, 2006, which resolved issues of paternity, custody, visitation, and support regarding the biological child (Child) of R.N. and Respondent-Appellee B.F. (Father).
On March 3, 2005, a few weeks after Mother was arrested[2] for assaulting Father, Mother filed a petition seeking adjudication of Child's paternity in the family court. Shortly thereafter, on March 7, 2005, Mother filed an "Exparte [sic] Motion for Temporary Restraining Order" (TRO), in which she alleged that Father abused and neglected Child, and sought to enjoin Father both from visiting with Child unless in the presence of Mother or her designated babysitter and removing Child from the City and County of Honolulu.
During the course of several return hearings and status conferences with a custody evaluator, the family court entered various interim orders regarding custody and visitation and proceeded with trial to determine the merits of Mother's claims. On October 2, 2006, the family court filed its "Order/Judgment Following Trial Re Custody, Visitation, [and] Child Support[,]" which awarded joint legal custody of Child to both parties, with tie-breaking authority to Father, and which also awarded primary physical custody to Father, with reasonable visitation to Mother. On December 26, 2006, the family court entered its Findings of Fact and Conclusions of Law. On January 16, 2007, the family court entered an amended order with ninety-nine findings of fact (FsOF) and twenty-one conclusions of law (CsOL) in support of its judgment.

A.
On appeal, Mother argues that the family court erred by:
(1) awarding sole physical custody of Child to Father instead of to Mother;
(2) entering Finding of Fact (FOF) No. 60, which stated that "Mother failed to present any credible, competent evidence demonstrating that Father was guilty of her allegations and charges in the TRO or any other form of parental abuse or neglect at any time[;]"
(3) entering FOF No. 91, which stated that "Mother's TRO filed against Father on March 7, 2005 was an abuse of process based on fabricated charges in an effort to gain a strategic advantage in a custodial battle that she had already initiated[;]"
(4) entering FOF No. 92, which stated that "Mother irresponsible legal actions have caused undue emotional distress and financial burdens to all parties, especially [Child;]"
(5) entering Conclusion of Law (COL) No. 14, which stated that "[b]ased on the credible and reliable evidence adduced at trial, the Court finds and concludes that Father did not commit any acts of abuse, or neglect, against Mother and/or the Child, as Mother alleged, at trial and in her Petition for Temporary Restraining Order and her requests for an order of supervised visits[;]"
(6) entering COL No. 15, which stated that "Mother abused the court process by filing the [TRO] to influence the outcome of the custody and visitation dispute. The Court finds and concludes that Mother and her family tried to influence Father's relationship with [Child] by creating a false record of innuendos and false allegations of abuse and neglect in an effort to discredit him at trial[;]"
(7) entering FOF No. 7, which stated that "Father was involved with routine care of [Child] from birth on" and that the care was on a "daily basis[;]"
(8) entering FOF No. 66, which stated that "Mother did not proffer any . . . competent evidence demonstrating that Father was legally intoxicated or in any way impaired while driving with [Child;]"
(9) entering FOF No. 84, which stated that "Mother provided no evidence whatsoever in support of any of her claims beyond her own testimony, that of her parents, and one singular girlfriend[;]" and
(10) entering COL No. 17, which stated that "Mother's legal actions against Father were maliciously designed to constrain or eliminate his relationship with [Child, and that] Mother's accusations were frivolous in nature."
As to Mother's first point of error regarding the family court's award of physical custody to Father, the Hawaii Supreme Court has stated that
the family court possesses wide discretion in making its decisions and those decision [sic] will not be set aside unless there is a manifest abuse of discretion. Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.
Fisher v. Fisher, 111 Hawai`i 41, 46, 137 P.3d 355, 360 (2006) (quoting In re Doe, 95 Hawai`i 183, 189-90, 20 P.3d 616, 622-23 (2001)). Hawaii Revised Statutes § 571-46(1) (2006) states that
[c]ustody should be awarded to either parent or to both parents according to the best interests of the child, and the court may also consider frequent, continuing, and meaningful contact of each parent with the child unless the court finds that a parent is unable to act in the best interest of the child[.]
According to the evidence in the record, Father had a strong bond with Child, was cooperative with the court process, possessed a good temperament, had a more favorable work schedule than Mother, showed a willingness to provide Mother with access to Child, and demonstrated excellent parenting skills and a willingness to learn and improve. The evidence also showed Mother to have issues with control and anger management, as well as an inability to compromise. Mother was also physically and verbally abusive toward Father and was likely to limit Father's access to Child. The above factors indicate that the family court's custody decision did not exceed the bounds of reason nor disregard the rules or principles of law. Thus, the family court did not err in awarding sole physical custody to Father.
The remainder of Mother's points of error relate to the family court's FsOF and CsOL. This court reviews Mother's challenges to FsOF under a "clearly erroneous" standard. In re Jane Doe, 101 Hawaii 220, 227, 65 P.3d 167, 174 (2003). Because the CsOL that Mother challengesare dependent upon the facts and circumstances of this case, they present mixed questions of fact and law, which are also reviewed under a "clearly erroneous" standard. In re John Doe, 89 Hawai`i 477, 486-87, 974 P.2d 1067, 1076-77 (App. 1999). There is clear error when
(1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made. Substantial evidence is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.
In re Jane Doe, 101 Hawai`i at 227, 65 P.3d at 174 (internal quotation marks, citations, and ellipsis omitted). Furthermore, the credibility of witnesses and the weight of the evidence is within the province of the trier of fact. In re Jane Doe, 95 Hawaii 183, 190, 20 P.3d 616, 623 (2001).
[T]he question on appeal is whether the record contains substantial evidence supporting the family court's determinations, and appellate review is thereby limited to assessing whether those determinations are: supported by_ credible evidence of sufficient quality and probative value. In this regard, the testimony of a single witness, `if found by the trier of fact to have been credible, will suffice. Because it is not the province of the appellate court to reassess the credibility of the witnesses or the weight of the evidence, as determined by the family court, the family court is given much leeway in its examinations of the reports concerning a child's care, custody, and welfare.
Id. at 196-97, 20 P.3d at 629-30 (internal quotation marks, citations, and brackets omitted). Thus, disposition on Mother's remaining points of error rests upon whether substantial evidence supports the family court's FsOF and CsOL.
Moreover, "[i]f a finding is not properly attacked, it is binding; and any conclusion which follows from it and is a correct statement of law is valid." Wisdom v. Pflueger, 4 Haw. App. 455, 459, 667 P.2d 844, 848 (1983).
Upon carefully reviewing the record and transcripts of the proceedings below, and in light of the unchallenged findings of fact that are binding upon the parties, there is substantial evidence to support the family court's findings and conclusions.

B.
In his opening brief, Father requests that this" court determine that Mother's appeal is frivolous and without legal basis and award him his attorney's fees and costs. Father's request does not comply with Hawai`i Rules of Appellate Procedure Rule 39 and, accordingly, is denied without prejudice.
Therefore,
IT IS HEREBY ORDERED that the "Order/Judgment Following Trial Re Custody, Visitation, [and] Child Support" entered by the family court on October 2, 2006 and the Amended Findings of Fact and Conclusions of Law entered by the family court on January 16, 2007 are affirmed.
NOTES
[1] The Honorable Judge Darryl Y. C. Choy entered the judgment.
[2] There was no further prosecution of Mother after this incident.